JOHN J. JOHNSON *vs.* ISAAC S. PARSONS.

Hampshire.   Sept. 16. — Oct. 24, 1885.   FIELD, C. ALLEN, & GARDNER, JJ., absent.

In an action against an indorser of a promissory note, upon the back of which was written, above the name of the defendant, a waiver of protest, the answer did not deny the signature, but did deny that the defendant indorsed the note with any portion of the indorsement thereon as set forth. At the trial, the defendant admitted his signature. *Held*, that the signature was *prima facie* evidence both of an indorsement of the note and of the waiver of protest.

In the absence of evidence that a protest of a promissory note is necessary to hold an indorser, a waiver of protest by him may be found to mean a waiver of notice of demand on the maker and of his refusal to pay.

In an action against an indorser of a promissory note, upon the back of which, above his signature, were the words, "For value received, pay J. or order, and I hereby waive protest of within note," the evidence was conflicting whether these words were written on the note before or after the defendant indorsed it. He offered in evidence a conversation between himself and the maker of the note at the time he wrote his name on the note, as tending to show how and why he recollected that, at that time, there were no words written above his signature. This evidence was excluded; and the bill of exceptions did not set forth the conversation. *Held*, that it did not appear that anything was said which would be admissible as part of the *res gestœ*, and which would not come within the rule which excludes mere declarations.

CONTRACT upon a promissory note for $2020, dated New York, February 12, 1884, payable two months after date to the order of the defendant, signed by Israel C. Cornish, and indorsed as follows: "For value received, pay John J. Johnson

or order, and I hereby waive protest of within note.    I. S. Parsons." The answer denied that the defendant indorsed the note with any portion of the indorsement thereon, as set forth, and alleged that no notice of any demand or non-payment thereof was given him. Trial in the Superior Court, without a jury, before *Barker*, J., who allowed a bill of exceptions, in substance as follows :

The defendant resided in Northampton, in this Commonwealth, at the time the note was signed, and had no place of business in New York.

The defendant admitted that he wrote his signature on the back of the note. The plaintiff testified as to the purchase of the note by him.

No evidence was offered as to the note or indorsement, as above written, when the note was offered in evidence by the plaintiff, and admitted, against the objection of the defendant. But during the trial, the plaintiff, in rebuttal, offered evidence tending to show that the words, " I hereby waive protest of within note," were written by Cornish, the maker of the note, and before the defendant indorsed it.

There was evidence tending to show that demand for payment was made upon the note at its maturity, at the office of said Cornish, in New York City, and of the person in charge of it; and that the note was not paid.

There was no evidence, and it was not contended, that the defendant was notified of said demand and non-payment; and the note was not protested.

The defendant contended, and asked the judge to rule, that, inasmuch as no notice of demand and non-payment of the note was given to the defendant, the plaintiff could not recover.

The defendant offered evidence tending to show that, at the time he indorsed the note, there were no words written on the back of the note; and the evidence on this point was conflicting. He further offered in evidence the conversation between himself and said Cornish at the time he wrote his name on the note, as tending to show how and why he recollected that, at that time, there were no words written above the defendant's signature. The plaintiff objected to the evidence; and the judge excluded it.

The judge ordered judgment for the plaintiff for the full amount of the note ; and the defendant alleged exceptions.

*D. W. Bond*, for the defendant.

*J. C. Hammond*, for the plaintiff.

W. ALLEN, J.    1. The signature of the defendant, which he did not deny in his answer, and expressly admitted at the trial, appeared to be to an indorsement of the note and a waiver of protest, and was *prima facie* evidence of both.

2. In the absence of evidence that a protest of the note was necessary to hold the 'indorser, and was a right upon which the indorser could insist, and therefore could waive, the court might well have found that the word " protest," as used by the defendant, meant notice ; and that the defendant had waived notice of demand and refusal.    See. *Brannon* v. *Hursell*, 112 Mass. 63, 70 ; *Coddington* v. *Davis*, 3 Denio, 16 ; *S. C.* 1 Comst. 186.

3. It does not appear that anything was said in the conversation between the defendant and Cornish which would be admissible as part of the *res gestæ*, and which would not come within the common rule which excludes declarations.

*Exceptions overruled.*